Gary A. Zipkin
Josh Van Gorkom
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail: gzipkin@guessrudd.com
E-mail: jvangorkom@guessrudd.com

Attorneys for First Mercury Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) TIEMPO BEVERAGE COMPANY, INC., ) ARMAND NYBORG, LILLIAN NYBORG, ) and CHRISTOPHER COX d/b/a CAROUSEL ) LOUNGE, ) ) Defendants. ) ) | Case No. 3:13-cv-_____ COMPLAINT FOR <u>DECLARATORY RELIEF</u> |

First Mercury Insurance Company ("First Mercury"), by and through its

attorneys, Guess & Rudd, P.C., hereby complains and alleges as follows:

Complaint for Declaratory Relief
First Mercury Insurance Co. v. Tiempo Beverage Co., et al., Case No. 3:13-cv-_____
Page 1 of 12

Case 3:13-cv-00069-SLG   Document 1   Filed 04/19/13   Page 1 of 12

## Jurisdictional Statement and Background

1. First Mercury is an excess and surplus lines insurance company that is incorporated in and exists under the laws of the State of Illinois, has its principal place of business in Southfield, Michigan, and is eligible to do business in Alaska.

2. Upon information and belief, defendant Tiempo Beverage Company, Inc. ("Tiempo") is a corporation organized and existing under the laws of the State of Alaska, with its principal place of business in Anchorage, Alaska.

3. Upon information and belief, defendant Armand Nyborg is a resident of Florida.

4. Upon information and belief, defendant Lillian Nyborg is a resident of Florida.

5. Upon information and belief, defendant Christopher Cox ("Cox") is a resident of Alaska.

6. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, due to the nature of the claims and allegations discussed herein, and because this dispute is between citizens of different states.

7. Upon information and belief, the shares of Tiempo are owned by Cox (50%), Armand Nyborg (25%), and Lillian Nyborg (25%).

Complaint for Declaratory Relief
First Mercury Insurance Co. v. Tiempo Beverage Co., et al., Case No. 3:13-cv-_____
Page 2 of 12

Case 3:13-cv-00069-SLG   Document 1   Filed 04/19/13   Page 2 of 12

8. Upon information and belief, Tiempo owns and operates the Carousel Lounge, which is located on the first floor of the building at 3206 Spenard Road in Anchorage.

9. Upon information and belief, the building at 3206 Spenard Road in Anchorage is co-owned by Cox and Conal Holdings LLC ("Conal Holdings"), a Delaware limited liability company that is registered to do business in Alaska and that is owned by Armand and Lillian Nyborg.

10. In addition to the Carousel Lounge, the building at 3206 Spenard Road in Anchorage houses several apartments, which are located on the second floor.

11. In December 2010, Conrad-Houston Insurance ("CHI"), an independent insurance agency in Anchorage, submitted an application for a commercial general liability ("CGL") insurance policy to First Mercury, identifying the applicant/insured as "Tiempo Beverage Company dba: Carousel Bar,[1] DBA: Armand Nyborg, Lillian Nyborg and Christopher Cox" and identifying the "NATURE OF BUSINESS/DESCRIPTION OF OPERATIONS BY PREMISE(S)" as "Local Bar."

12. In December 2010, First Mercury issued CGL insurance policy number FMPT159582 (hereinafter "the Policy"), identifying the named insured as "Tiempo Beverage Company; Armand Nyborg, Lillian Nyborg; Christopher Cox DBA Carousel Bar." The policy had a policy period of December 24, 2010, through December

---

[1] The legal name of the establishment is "Carousel Lounge," but "Carousel Bar" was used in parts of the application and the Policy.

Complaint for Declaratory Relief
First Mercury Insurance Co. v. Tiempo Beverage Co., et al., Case No. 3:13-cv-_____
Page 3 of 12
Case 3:13-cv-00069-SLG   Document 1   Filed 04/19/13   Page 3 of 12

24, 2011, and contained an Each Occurrence Limit of $1,000,000 and a General Aggregate Limit of $2,000,000.

13. Upon information and belief, in January 2011, Conal Holdings and Cox applied to Acceptance Indemnity Insurance Company ("AIIC") for a separate policy providing CGL insurance and property insurance, identifying the "NATURE OF BUSINESS/DESCRIPTION OF OPERATIONS BY PREMISE(S)" as "Building Owner/Apartments."

14. Upon information and belief, AIIC issued a policy to Conal Holdings and Cox providing the CGL and property coverage requested in the January 2011 application.

15. Upon information and belief, Theodore Fields rented one of the apartments above the Carousel Lounge in 2011.

16. On November 14, 2011, Mr. Fields filed a lawsuit against Conal Holdings and Tiempo d/b/a Carousel Lounge, claiming that a hot water pipe in his apartment had failed on April 2, 2011, and that he had been badly burned.

17. On or about December 27, 2011, Cox reported the lawsuit to CHI, and CHI submitted a General Liability Notice of Occurrence/Claim to First Mercury.

18. On or about February 12, 2012, First Mercury notified Armand Nyborg that, based on the facts obtained in the course of its investigation, there is no coverage under the Policy for the incident in Mr. Fields' apartment because the Policy only covers the bar and tavern operation.

Complaint for Declaratory Relief
First Mercury Insurance Co. v. Tiempo Beverage Co., et al., Case No. 3:13-cv-_____
Page 4 of 12
Case 3:13-cv-00069-SLG   Document 1   Filed 04/19/13   Page 4 of 12

19. On April 9, 2012, Mr. Fields filed a First Amended Complaint in 3AN-11-12139 CI, adding Cox as a defendant.

20. On January 29, 2013, Kenneth Gutsch, the attorney for Conal Holdings and Cox, tendered the claims against Tiempo and Cox to First Mercury, stating that Tiempo is involved in the operation of the apartments above the Carousel Lounge, that Mr. Fields has demanded $1.5 million in settlement, and that AIIC has denied any coverage for Tiempo under the AIIC policy because Tiempo is not a named insured under that policy.

21. On March 22, 2013, First Mercury notified Mr. Gutsch that there is no coverage under the Policy for the incident in Mr. Fields' apartment.

First Claim: Declaration That There Is No Coverage Under The Policy

22. First Mercury hereby realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 21, as though fully set forth herein.

23. The Policy provides as follows:

SECTION I—COVERAGES

\*   \*   \*

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

\*   \*   \*

1. Insuring Agreement.

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of **"bodily injury"** or

Complaint for Declaratory Relief
First Mercury Insurance Co. v. Tiempo Beverage Co., et al., Case No. 3:13-cv-_____
Page 5 of 12

Case 3:13-cv-00069-SLG   Document 1   Filed 04/19/13   Page 5 of 12

**"property damage"**, caused by an **"occurrence"**, to which this insurance applies.

\* \* \*

(4) We have no duty to defend the insured against any **"suit"** seeking damages for **"bodily injury"** or **"property damage"** to which this insurance does not apply.

\* \* \*

SECTION V—DEFINTIONS

\* \* \*

**"Bodily injury"** means bodily injury, sickness or disease sustained by a person during the **"policy period"**, including death resulting from any of these at any time.

\* \* \*

**"Occurrence"** means an accident including continuous or repeated exposure to substantially the same general harmful conditions.

24. The policy also includes Endorsement Form No. COE208, entitled

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR OPERATIONS**, which modifies the CGL coverage part of the policy and provides as follows:

| LOC | BLDG. | PREMISES | OPERATIONS |
|---|---|---|---|
| 1 | 1 | 3206 Spenard Rd., Anchorage, AK 99503 | Bars & Taverns |

This insurance applies only to **"bodily injury"**, **"property damage"**, **"personal injury"** and **"advertising injury"**, as indicated in the Declarations, arising out of:

Complaint for Declaratory Relief
First Mercury Insurance Co. v. Tiempo Beverage Co., et al., Case No. 3:13-cv-_____
Page 6 of 12

Case 3:13-cv-00069-SLG   Document 1   Filed 04/19/13   Page 6 of 12

  1. The ownership, maintenance or use of the premises shown above; and

  2. The operations shown, but only while being performed on the premises shown.

25. Based on Endorsement Form No. COE208, liability coverage only extends to injury arising out of the operation of a bar/tavern, at 3206 Spenard Rd., i.e., the Carousel Lounge.

26. The "Business Description" in the Declarations of the Policy is "Bars & Taverns".

27. In the "Premium Basis Designation Endorsement" of the Policy, the sole "Classification" is "Bar/Tavern with Dance Floor".

28. The December 2010 application for the Policy -- expressly made part of the Policy by the Declarations -- specifies "Nature of Business/Description of Operations by Premise(s)" as "Local Bar".

29. In the application for the Policy, under the heading "Schedule of Hazards" and the subheading "Classification," there are two entries: "Restaurant with Liquor sales over 75%" and "Liquor – Bar/Tavern w/ Dance Floor".

30. In the "Commercial General Liability Section" of the January 2011 application to AIIC for the policy insuring Conal Holdings and Cox, under the heading "Other Coverages, Restrictions and/or Endorsements", it says, "The Bar liability is covered under Separate Policy located is the first floor [sic]. The apartments are all on the second floor."

Complaint for Declaratory Relief
First Mercury Insurance Co. v. Tiempo Beverage Co., et al., Case No. 3:13-cv-_____
Page 7 of 12

Case 3:13-cv-00069-SLG Document 1 Filed 04/19/13 Page 7 of 12

31. In the "Commercial General Liability Section" of the January 2011 application to AIIC for the policy insuring Conal Holdings and Cox, under the heading "Schedule of Hazards" and the subheading "Classification," there are two entries: "Building or Premises" and "Apartments".

32. The January 2011 application to AIIC for the policy insuring Conal Holdings and Cox specifies "Nature of Business/Description of Operations by Premise(s)" as "Building Owner/Apartments".

33. During a mandatory inspection survey for the First Mercury policy, conducted on February 1, 2011, Cox indicated, consistent with the representations made in the separate application to AIIC, that "[t]he risk is a local neighborhood bar located in midtown Anchorage," that he "owns the building and has eight apartments located above the bar that are leased out," that "there is no access from inside the bar to the apartments," that "[t]he apartments are separated from the bar," and that the apartments "are leased out under a different business the insured has."

34. The language of Endorsement Form No. COE208, the other provisions in the Policy, and the relevant extrinsic evidence demonstrate that any expectation of coverage under the Policy for a claim arising out of the apartment operation was not objectively reasonable, and First Mercury is entitled to a judicial declaration that it has no duty to defend or to indemnify Tiempo or Cox for the claim asserted by Mr. Fields.

Complaint for Declaratory Relief
First Mercury Insurance Co. v. Tiempo Beverage Co., et al., Case No. 3:13-cv-_____
Page 8 of 12

Case 3:13-cv-00069-SLG   Document 1   Filed 04/19/13   Page 8 of 12

## Second Claim: Declaration That First Mercury Is Entitled To Rescind The Policy

35. First Mercury hereby realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 34, as though fully set forth herein.

36. If the court concludes that an expectation of coverage under the Policy for a claim arising out of the apartment operation is objectively reasonable, then First Mercury alternatively requests a declaration that it is entitled to rescind the Policy due to material misrepresentations made in the application process.

37. The Policy includes a **"Breach of Representations and Warranties Endorsement"** that provides, in part:

> The Named Insured understands and agrees that the following representations and warranties are material and that the Company is relying on the truthfulness of these representations and warranties, which are made the basis of and a condition for the Company's acceptance of the risks covered by this insurance. The Named Insured further understands and agrees that if any of the following material representations and warranties are false, or if the Named Insured fails to comply with any of the following representations and warranties at any time during the **"policy period"**, the Named Insured shall be deemed to have breached this insurance policy. A breach of any of the following representations and warranties will result in this policy not applying to any **"claim"** or **"suit"** brought hereunder.
>
> A. The Named Insured hereby represents and warrants that the following are true and correct as of the inception date of the policy:

Complaint for Declaratory Relief
First Mercury Insurance Co. v. Tiempo Beverage Co., et al., Case No. 3:13-cv-_____
Page 9 of 12

Case 3:13-cv-00069-SLG   Document 1   Filed 04/19/13   Page 9 of 12

1. The information contained in the Application(s) is a just, full and true exposition of all the facts and circumstances with regard to the risk to be insured.

* * *

38. At no point did the applicants for the Policy represent to First Mercury that they were seeking CGL coverage for the operation of the apartments above the Carousel Lounge or any operation other than the Carousel Lounge.

39. AS 21.42.110 provides that "[m]isrepresentations, omissions, concealment of facts, and incorrect statements" in an application for an insurance policy may prevent recovery under the policy when they are

> "either (1) fraudulent; (2) material either to the acceptance of the risk, or to the hazard assumed by the insurer; or (3) the insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract in as large an amount, or at the same premium or rate, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

40. When an applicant misrepresents a fact material to the acceptance of the risk, AS 21.42.110 permits the insurer to deny coverage under the policy or binder.

41. If the applicants for the Policy intended to obtain CGL coverage from First Mercury for the operation of the apartments above the Carousel Lounge, their representations that they were only seeking CGL coverage for the operation of the Carousel Lounge were fraudulent.

Complaint for Declaratory Relief
First Mercury Insurance Co. v. Tiempo Beverage Co., et al., Case No. 3:13-cv-_____
Page 10 of 12
Case 3:13-cv-00069-SLG   Document 1   Filed 04/19/13   Page 10 of 12

42. The representations by the applicants for the Policy that they were only seeking CGL coverage for the operation of a "bar/tavern," i.e., the Carousel Lounge, and not for an apartment operation, were material to First Mercury's acceptance of the risk and to the hazard assumed by First Mercury.

43. If the applicants for the Policy had made known in the application or during the mandatory inspection survey that they were seeking CGL coverage for the operation of the apartments above the Carousel Lounge, First Mercury in good faith would either not have issued the Policy, or would not have issued the Policy in as large an amount, or at the same premium or rate, or would not have provided coverage with respect to the hazard resulting in the loss.

44. If the applicants for the Policy were seeking CGL coverage for the operation of the apartments above the Carousel Lounge, they made material representations in the application and during the mandatory inspection survey, and First Mercury is entitled to rescind the Policy, rendering it void *ab initio*.

WHEREFORE, First Mercury prays for the following relief:

A. That the court issue a declaratory judgment confirming that the Policy does not provide coverage for injury arising out of the operation of the apartments above the Carousel Lounge and that First Mercury has no duty to defend or to indemnify Tiempo or Cox under the Policy;

B. That, in the alternative, if the court concludes that it is objectively reasonable to believe that a claim for injury arising out of the operation of the apartments

Complaint for Declaratory Relief
First Mercury Insurance Co. v. Tiempo Beverage Co., et al., Case No. 3:13-cv-_____
Page 11 of 12

Case 3:13-cv-00069-SLG   Document 1   Filed 04/19/13   Page 11 of 12

above the Carousel Lounge is covered by the Policy, the court issue an order and enter judgment declaring that the applicants for the Policy made material misrepresentations in the application and during the mandatory inspection survey and that First Mercury is therefore entitled to rescind the Policy, rendering it void *ab initio*; and

   C. That the court provide such other and additional relief to First Mercury as the court deems just or equitable.

   DATED at Anchorage, Alaska, this 19th day of April, 2013.

          GUESS & RUDD, P.C.
          Attorneys for Plaintiff


         By: s/ Gary A. Zipkin
           Guess & Rudd P.C.
           510 L Street, Suite 700
           Anchorage, Alaska 99501
           Phone: (907) 793-2200
           Fax: (907) 793-2299
           Email: gzipkin@guessrudd.com
           Alaska Bar No. 7505048

Complaint for Declaratory Relief
First Mercury Insurance Co. v. Tiempo Beverage Co., et al., Case No. 3:13-cv-_____
Page 12 of 12

Case 3:13-cv-00069-SLG   Document 1   Filed 04/19/13   Page 12 of 12